UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES K. ARINGTON d/b/a K&D AUTOMOTIVE, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CAUSE NO. 1:04-CV-171 |
| THE COUNTY OF DEKALB, INDIANA, et al., ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff James K. Arington's Motion to Compel and for Sanctions (Docket # 85), in which he objects to many of the responses given by Defendants Brad Stump, Bill Walters, Carlos Witaker, and Sally Rowe to his interrogatories. For the reasons given below, his motion will be GRANTED in part and DENIED in part.

The Court rules on the individual interrogatory responses as follows:

*A. Brad Stump*

• Interrogatory No. 3 is sufficiently answered.

• Stump's objection to No. 5 is sustained; the question is vague and ambiguous.

• No. 8 is sufficiently answered.

• Stump's objection to No. 9 is sustained, and in any event, his answer is sufficient. The question improperly asks Stump, an individual defendant, whether the DeKalb County Building Department, an institutional party, was "aware" of a certain fact. Moreover, Stump responded that he did not work for the Building Department.

• Stump's objection to No. 11 is sustained; the question is unintelligible.

- Stump's objection to No. 15 is sustained; the question is vague and ambiguous.

B. *Bill Walters*

- Walters's objection to Interrogatory No. 2 is sustained, and in any event, his answer is sufficient.

- Walters's objection to No. 3 is sustained; the question is vague and ambiguous.

- Nos. 4, 5, 6, and 7 are sufficiently answered.

- No. 10 is not sufficiently answered. Walters must supplement his answer, as his current answer is vague and not fully responsive – it speaks only to "Special Exception permit[s]," whereas the question also inquires about "occupancy permit[s]" and "Improvement Location permit[s]."

C. *Carlos Witaker*

- Interrogatory Nos. 3, 10, 11, 15, and 17 are sufficiently answered.

D. *Sally Rowe*

- Interrogatory Nos. 4, 5, and 11 are not sufficiently answered. For each of these questions, Rowe pleads ignorance, claiming that "she works for the Plan Commission and Board of Zoning Appeals and not the Building Department and therefore, has no knowledge of the purpose of the Building Department regarding the design and construction of buildings." However, Arington has produced a document, appearing to be official, that identifies Rowe as the "Building Commissioner/Zoning Administrator." (*See* Docket # 88.) As this document is incompatible with Rowe's claims of ignorance, she must supplement her answers to these interrogatories to further explain.

- No. 7 is sufficiently answered.

2

- Rowe's objection to No. 9 is sustained; the question is vague.

- Nos. 10, 14, and 15 are sufficiently answered.

*E. Summary*

In summary, Arington's motion to compel (Docket # 85) is GRANTED as to Bill Walters's response to Interrogatory No. 10 and Sally Rowe's responses to Interrogatory Nos. 4, 5, and 11. Those defendants are ORDERED to supplement their answers to those interrogatories as outlined above, no later than May 10, 2005. Arington's motion is DENIED as to all other disputed discovery responses and as to his request for sanctions.

SO ORDERED.

Enter for this 26th day of April, 2004.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge