UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES K. ARINGTON<br>d/b/a K&D AUTOMOTIVE,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>THE COUNTY OF DEKALB, INDIANA, et al.,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) 　CAUSE NO. 1:04-CV-00171<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Before the Court are five post-judgment motions filed by Plaintiff James K. Arington, who is *pro se*, in response to the Court's entry of judgment on September 19, 2005, in favor of Defendants. (Docket # 137, 138.)  Arington's motions consist of the following: (1) A Complaint of Perjury Committed by Brad Stump and a Motion for the Court to Take Proper Lawful Action of the Acts of Perjury Committed in the Court and the Motion for Void Judgment (Docket # 144); (2) Request for Declaratory Order (as to Brad Stump) (Docket # 148); (3) Request for Declaratory Order (as to Sally Rowe) (Docket # 149); (4) Request for Declaratory Order (as to William Ort) (Docket # 150); and (5) Motion from the Plaintiff for the Correction of Errors by the Court (Docket # 153).  For the reasons set forth herein, all of Arington's motions will be DENIED.

First, Arington filed his motion entitled A Complaint of Perjury Committed by Brad Stump and a Motion for the Court to Take Proper Lawful Action of the Acts of Perjury Committed in the Court and the Motion for Void Judgment, which the Court deems to be a Rule

60(b) motion.[1] *See* Fed. R. Civ. P. 60(b).  Pursuant to Rule 60(b), a court may relieve a party from a final judgment on various grounds, including (1) "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)" and (2) "fraud . . . misrepresentation, or other misconduct of an adverse party." *Id*.  However, "[r]elief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995).

In his twenty-six page motion, which is difficult to make sense of at times, Arington alleges that Defendant Brad Stump committed perjury in the course of his defense in this case, thereby creating grounds for Arington to be relieved from the final judgment under Rule 60(b)(3) due to fraud.  To obtain relief under Rule 60(b)(3), the movant must show by clear and convincing evidence that he has a meritorious claim and that the opposing party's fraud, misrepresentation, or misconduct prevented the case from being fully and fairly presented at trial. *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995).

Here, while Arington advances myriad tangential theories and conclusory allegations regarding Stump, he fails to produce with particularity any clear evidence to support his assertion of fraud. *See Lonsdorf*, 47 F.3d at 897; *Ceglarek v. John Crane, Inc.*, No. 96 C 6672, 2000 WL 1745183, at *3 (N.D. Ill. Nov. 27, 2000) (denying a Rule 60(b)(3) motion because

---

[1] Arington has an appeal of this Court's September 19, 2005, Order pending with the Seventh Circuit (*see* Docket # 139); however, as the Court opined in its Order dated February 8, 2006 (Docket # 145), it is clear that this Court has jurisdiction to rule on Arington's Rule 60(b) motion while his appeal is pending. *See Brown v. U.S.*, 976 F.2d 1004, 1110-11 (7th Cir. 1992); *see also* 7th Cir. R. 57; *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1211 (7th Cir. 1989); *Whitehead v. Gateway Chevrolet, Oldsmobile*, No. 03 C 5684, 2004 WL 1459478, at *3 (N.D. Ill. 2004).

2

plaintiff's allegations were "based on speculation and lack the particularity and support necessary to proceed further on such a contention").  Moreover, Arington never explains how this alleged fraud prevented him from fully and fairly representing his case at summary judgment, s*ee Lonsdorf*, 47 F.3d at 897; *Provident Bank*, 71 F.3d at 699, where the facts were construed in the light most favorable to him, *see Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).  Thus, Arington's request for relief under Rule 60(b)(3) clearly fails.

Likewise, if Arington perceives his discoveries regarding Stump as "newly discovered evidence" under Rule 60(b)(2), he is equally unsuccessful.  On this score, Arington's motion fails because he never explains why with the exercise of due diligence, he could not have discovered the evidence of so-called perjury in time to move for relief under Rule 59(b). *See* Fed. R. Civ. P. 60(b)(2).

Therefore, while Arington clearly expresses his disappointment with the outcome of this case, he falls short of articulating any grounds in his motion to justify relief from the operation of a final judgment pursuant to Rule 60(b). *See generally Harold Washington Party v. Cook County Ill. Democratic Party*, 984 F.2d 875, 879 (7th Cir. 1993) (granting district courts wide latitude in declining Rule 60(b) motions for relief).  Therefore, Arington's first motion will be DENIED.

Next Arington filed three separate Requests for Declaratory Order, alleging that Defendants Stump, Salley Rowe, and William Ort each committed perjury.  However, despite the reference in his motions to the Administrative Procedures Act, 5 U.S.C. § 522, it is unclear exactly what relief Arington is seeking in filing these motions and under what rule he seeks it. Simply, it appears that Arington is merely repackaging his first request for relief under Rule

3

60(b), this time including Defendants Rowe and Ort in his allegations.  However, as concluded *supra*, Arington fails to provide any basis to justify relief from the operation of a final judgment under Rule 60(b). *See* Fed. R. Civ. P. 60(b); *Provident Bank,* 71 F.3d at 698; *Washington*, 984 F.2d at 879.  Therefore, like his first motion, his three Requests for Declaratory Order will also be DENIED.

Finally, in his Motion for the Correction of Errors by the Court, which the Court deems to be a Rule 60(a) motion, Arington requests that the Court "correct the record of when the problems of the building started." (Mot. from the Pl. for the Correction of Errors by the Court at 1.)  Pursuant to Rule 60(a), a court may correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission . . . ." Fed. R. Civ. P. 60(a).

In his motion, Arington seeks to submit a letter into evidence, which he asserts substantiates that his problems with his building started "as early as May or April 1999," rather than the Court's assertion that they began "sometime around 2002 (the record is not clear precisely when)" as articulated in the Court's September 19 Order. (*See* Docket # 137.) However, Arington is misguided in his quest for relief, as his failure to produce evidence to create an accurate record during the pendency of this case does not later constitute a clerical error on the Court's behalf. *See generally Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 294 n.2 (7th Cir. 1998) (stating that Rule 60(a) does not offer available relief if the order "reflected the court's intention at the time it was entered").  Furthermore, as there is no "mistake" in the record, Arington does not qualify for relief under Rule 60(b) either. *See* Fed. R. Civ. P. 60(b)(1).

Thus, as with all of his prior motions, Arington is not entitled to relief on his motion to correct errors, and it will also be DENIED.

In summary, for the reasons given herein, the following motions filed by Plaintiff are DENIED: (1) A Complaint of Perjury Committed by Brad Stump and a Motion for the Court to Take Proper Lawful Action of the Acts of Perjury Committed in the Court and the Motion for Void Judgment (Docket # 144); (2) Request for Declaratory Order (as to Brad Stump) (Docket # 148); (3) Request for Declaratory Order (as to Sally Rowe) (Docket # 149); (4) Request for Declaratory Order (as to William Ort) (Docket # 150); and (5) Motion from the Plaintiff for the Correction of Errors by the Court (Docket # 153).[2]

SO ORDERED.

Enter for this 9th day of March, 2006.

/S/ Roger B. Cosbey
_____
Roger B. Cosbey
United States Magistrate Judge

---

[2] Defendants' Motion to Strike (Docket # 151), which requests that all five of Arington's motions be stricken from the record on the grounds that Arington is no longer a party in interest because he has since filed bankruptcy, is hereby DENIED AS MOOT.