UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES K. ARINGTON<br>d/b/a K&D AUTOMOTIVE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE COUNTY OF DEKALB, INDIANA, et al.,<br><br>    Defendants. | CAUSE NO. 1:04-CV-00171 |

## **OPINION AND ORDER**

Before the Court is a motion (Docket # 155) filed by *pro se* Plaintiff James K. Arington entitled "Motion to Present Evidence for Clarity on the Allegations of Perjury by Defendant Brad Stump," requesting that the Court reconsider its Order dated March 9, 2006 (Docket # 154), which denied his Rule 60(b) motion (Docket # 144). However, for the reasons set forth herein, Arington's motion, which the Court deems to be a motion to reconsider, will be DENIED.

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale*, 90 F.3d at 1269-70.

To support a motion for reconsideration based on newly discovered evidence, the

   moving party must show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion.

*Id*. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id*.

  It appears, however, that in his latest motion, Arington merely re-packages or rehashes prior arguments, all which were unsuccessful the first time. Despite Arington's arguments, we see that no "manifest error of law or fact" was committed in denying his Rule 60(b) motion. Likewise, Arington fails to show that he has any newly-discovered evidence that by exercising reasonable diligence he could not have discovered and produced during the pendency of his prior Rule 60(b) motion. Therefore, his motion to reconsider fails on all possible fronts.

  For the foregoing reasons, Arington's Motion to Present Evidence for Clarity on the Allegations of Perjury by Defendant Brad Stump (Docket # 155) is DENIED.

  Enter for this 22nd day of March, 2006.

                /S/ Roger B. Cosbey
                Roger B. Cosbey,
                United States Magistrate Judge